UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Eastern District of Kentucky
FILED
AUG - 4 2008
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

Civil Action No. 07-438-HRW

JOHNNY SMALLWOOD,

               PLAINTIFF,

v.    <u>MEMORANDUM OPINION AND ORDER</u>

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,    DEFENDANT.

  Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.

  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

  Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on January 5, 2005, alleging disability beginning on December 16, 2004, due to back, shoulder, neck, left arm and left

hand problems, depression and bipolar disorder (Tr. 56-58. 78). This application was denied initially and on reconsideration. On April 6, 2006, an administrative hearing was conducted by Administrative Law Judge James Alderisio (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 497-518. At the hearing, Bill Ellis , a vocational expert (hereinafter "VE"), also testified (Tr. 518-521).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 27, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-27).

Plaintiff was 49 years old at the time of the hearing decision. He has a ninth grade education (Tr. 479). His past relevant work experience consists of work as an auto technician (Tr. 500-501).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 26).

The ALJ then determined, at Step 2, that Plaintiff's mental impairments, in combination, are "severe" within the meaning of the Regulations but do not meet or medically equal any of the listed impairments (Tr. 26).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 26) but determined that he has the residual functional capacity ("RFC") to perform work at all exertional levels with certain non-exertional limitations, as set forth in the hearing decision (Tr. 26)

Based upon this RFC, the ALJ concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE .

3

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 15, 2007 (Tr. 6-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's contentions of error pertain to the hypothetical posed by the ALJ to the VE. Specifically, Plaintiff maintains that the ALJ failed to include all of Plaintiff's alleged mental impairments. As such, Plaintiff argues that the VE's response to the hypothetical cannot be regarded as substantial evidence in support of the ALJ's denial of his application for disability.

The hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In his hypothetical to the VE, the ALJ stated that (1) Plaintiff's ability to relate to co-workers and supervisors and to handle work stress, while severely limited, was not precluded; (2) his ability to deal with the public, maintain

5

attention and concentration and demonstrate reliability was limited, but satisfactory and (3) he can understand simple one and two-step instructions (Tr. 520). In response to the hypothetical, the VE identified a significant number of jobs in both the regional and national economies Plaintiff could perform. Relying upon the VE's testimony, the ALJ found no disability (Tr. 521).

Plaintiff first argues that the ALJ erred by not incorporating the limitations suggested by consultative examiner Dr. Jeanne Bennett in the hypothetical.

Dr. Bennet conducted a consultative examination of Plaintiff on February 20, 2005 in which she placed Plaintiff's Global Assessment of Functioning ("GAF") in the range of major impairment in several areas and opined that Plaintiff is "markedly limited" in his ability to tolerate the stress and pressures of day-to-day work, to respond appropriately to supervision in a work setting (Tr. 139-147).

However, Dr. Bennett's opinion is not supported by her own notes in which she categorized Plaintiff's attention concentration as "good" (Tr. 144) and noted that he was able to answer the questions posed to him without discernible difficulty (Tr. 145). She found no indication of delusional thought or paranoid ideation (Tr. 145). To the contrary, she found his thoughts to be organized and coherent (Tr. 145). At a minimum, these observations call into question the

credibility of Dr. Bennett's opinion of dire mental impairment.

Moreover, Dr. Bennett's opinion of extreme limitation is not consistent with the other, credible medical evidence of record. For example, treatment records describe Plaintiff as "very bright, insightful and [capable] of thinking through his actions" and state that following a brief inpatient admission, Plaintiff was "doing better overall" and had "grown immensely" (Tr. 320-333, 23).

In addition, Dr. Bennett's GAF score is significantly lower than the score calculated by other medical sources who estimated Plaintiff's GAF to be 65, indicating mild symptoms which result in only some difficulty in occupational functioning.

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. The record is devoid of credible medical evidence suggesting functional limitations beyond those found by the ALJ. Given the objective medical evidence in the record, the hypothetical was factually supported by the evidence of record and, thus, the response thereto constitutes substantial evidence in support of the ALJ's decision.

Plaintiff also argues that although in his decision the ALJ states that he adopts the mental limitations proposed by the state agency medical consultants, he omitted some of the limitations from his hypothetical.

7

The Court is somewhat perplexed by this argument as a review of the record shows that the limitations incorporated into the hypothetical track those suggested by the state agency's consultants (Tr. 520, 277, 298).

As such, Plaintiff's argument in this regard has no merit.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 3, 2008.



Signed By:
_Henry R Wilhoit Jr._
**United States District Judge**